1

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9    Patricia H. Cavanaugh,                    No. CV-13-01222-TUC-JAS (DTF)

10                  Plaintiff,                  **REPORT AND**
                                                **RECOMMENDATION**
11   v.

12   Carolyn W. Colvin,

13                  Defendant.

14

15          Plaintiff Patricia Cavanaugh brought this action pursuant to 42 U.S.C. §§ 405(g)

16   and 1383(c)(3), seeking judicial review of a final decision by the Commissioner of Social

17   Security (Commissioner). Cavanaugh filed her opening brief, seeking a remand for

18   further proceedings. (Doc. 19.) The Commissioner filed an opposition and Cavanaugh

19   filed a reply. (Docs. 21, 22.) Based on the pleadings and the administrative record

20   submitted to the Court, the Magistrate Judge recommends the District Court, after its

21   independent review, remand for further proceedings.

22                            **PROCEDURAL HISTORY**

23          Cavanaugh filed an application for Supplemental Security Income (SSI) and

24   Disability Insurance Benefits (DIB) on June 29, 2010. (Administrative Record (AR) 175,

25   177.) Cavanaugh was born on July 29, 1954, making her 55 years of age at the time she

26   applied for disability. (AR 175.) She alleged disability from June 1, 2008. (*Id.*)

27   Cavanaugh's application was denied upon initial review (AR 104-11) and on

28   reconsideration (AR 113-18). A hearing was held on April 13, 2012. (AR 51-76.) ALJ

Peter J. Baum found that Cavanaugh had severe impairments of depressive disorder and anxiety disorder but, at Step Five, he concluded Cavanaugh was not disabled. (AR 21-32.) The Appeals Council considered additional evidence but denied Cavanaugh's request to review the ALJ's decision. (AR 2-5.)

## STANDARD OF REVIEW

The Commissioner employs a five-step sequential process to evaluate SSI and DIB claims. 20 C.F.R. §§ 404.1520; 416.920; *see also Heckler v. Campbell*, 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing she (1) is not working; (2) has a severe physical or mental impairment; (3) the impairment meets or equals the requirements of a listed impairment; and (4) claimant's RFC precludes her from performing her past work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At Step Five, the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, she does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The findings of the Commissioner are meant to be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). The court may overturn the decision to deny benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). This is so because the ALJ "and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the

court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019 (quoting *Richardson v. Perales*, 402 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). The Commissioner's decision, however, "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998) (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). Reviewing courts must consider the evidence that supports as well as detracts from the Commissioner's conclusion. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

## DISCUSSION

Cavanaugh argues the ALJ committed two errors: (1) the ALJ's RFC failed to account for Cavanaugh's moderate difficulties in maintaining concentration, persistence and pace; and (2) the ALJ was required to obtain vocational expert testimony at Step Five, in light of Cavanaugh's moderate difficulties in maintaining concentration, persistence and pace. The questions presented in this case are narrow and primarily legal.

**The ALJ's Decision**

At Step Three, the ALJ concluded that Cavanaugh did not satisfy the "paragraph B" criteria but found she had moderate limitations with regard to concentration, persistence, or pace. (AR 24.) Before moving to the next step of the analysis, the ALJ stated "the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.[1] (AR 25.) The ALJ then found that Cavanaugh's RFC allowed her to perform at all exertional levels but she had one non-exertional limitation, she was limited to unskilled work. (*Id.*) After finding that Cavanaugh could not perform her past relevant work, the ALJ found her not disabled at Step Five based on the Medical-Vocational Guidelines. (AR 30, 31.)

---

[1] This statement by the ALJ undermines Defendant's argument that the ALJ's consideration of functional limitations in Step Three is entirely separate from his RFC finding. (Doc. 21 at 7-8.) Rather, an RFC determination is a more detailed assessment of the functions evaluated in Step Three. SSR 96-8p.

In reaching these determinations, the ALJ gave significant weight to psychologist Noelle Rohen, who examined Cavanaugh. (AR 28.) Dr. Rohen concluded that Cavanaugh's ability to remember and carry out instructions, and her ability to interact with others and respond to changes in the work setting were not affected by her impairments. (AR 729-30.) However, Dr. Rohen stated that Cavanaugh's impairments did impact her speed of processing and stamina/fatigue. (*Id*.)

**Residual Functional Capacity**

Cavanaugh argues that the ALJ erred in finding that she had moderate limitations in concentration, persistence or pace but not including that limitation in her RFC. Further, she contends that limiting her to unskilled work did not account for these moderate deficiencies.

Defendant argues that the RFC was sufficient and conformed to the medical opinion evidence. In support of that argument, the Commissioner relies upon *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008). In that case, two doctors identified that the claimant had limitations in pace. *Id.* at 1173. One of the doctors concluded that, despite that limitation, the claimant retained the ability to do simple tasks. *Id.* The Ninth Circuit found it was proper for the ALJ to restrict the claimant to simple, routine work because that was the only concrete restriction offered by a doctor. *Id.* at 1174, 1175 (finding that the ALJ explained his decision to omit the claimant's pace deficiencies by referencing the doctor's opinion).

Here, the facts are distinct from those in *Stubbs-Danielson*. In *Stubbs-Danielson*, the ALJ did not make an explicit finding that the claimant had pace limitations. 539 F.3d at 1175. Instead, the ALJ relied upon a doctor that acknowledged the claimant had pace deficiencies but determined she could perform unskilled work despite those limitations. In contrast, in Cavanaugh's case, the ALJ made a finding that she had a concentration, persistence, or pace deficiency. And, he gave great weight to a doctor that found Cavanaugh's ability to perform the tasks required for unskilled work could be limited by

problems in pace. Thus, in the instant case, the RFC was not consistent with the medical testimony as it was found to be in *Stubbs-Danielson*. 539 F.3d at 1174.

Defendant also relies upon an unpublished Ninth Circuit opinion, but it also is not directly analogous. In *Rogers v. Comm'r of Soc. Sec. Admin.*, 490 F. App'x 15, 17 (9th Cir. 2012), the ALJ found, at Step Three, that the claimant had moderate limitations in social functioning. In formulating an RFC, however, the ALJ determined those deficiencies did not translate to any significant, concrete work-related limitations preventing her from doing unskilled work. *Id.* The appellate court found no error, concluding the RFC was consistent with the medical testimony on limitations in work-related abilities. *Id.* at 17-18. It appears that, in *Rogers*, the ALJ resolved the conflict between finding a moderate limitation but not reflecting that deficiency in the RFC by concluding it did not equate to a work-related limitation. It could be that a limitation in social functioning has less impact on unskilled work than a pace limitation.[2] Regardless, the ALJ in Cavanaugh's case did not resolve the conflict. Rather, the ALJ relied upon Dr. Rohen's opinion but failed to account for the doctor's finding that Cavanaugh's work capabilities would be impacted by her speed of processing and stamina/fatigue. Therefore, the ALJ's determination was not consistent with the medical testimony as the court found in *Rogers*.

In other unpublished opinions, the Ninth Circuit has held that when an ALJ finds a moderate limitation in concentration, persistence or pace, he must include that limitation in a claimant's RFC. *See Lubin v. Comm'r of Soc. Sec. Admin.*, 507 F. App'x 709, 712 (9th Cir. 2013) (clarifying that limiting a claimant to one to three step tasks did not capture a concentration, persistence or pace deficiency); *Williamson v. Comm'r of Soc.*

---

[2]     Unskilled work requires working primarily with objects and not people, therefore, a moderate social deficiency may not substantially erode the occupational base. SSR 85-15. Concentration, persistence and pace is defined as "the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings. 20 C.F.R. § 404, App. 1 to Subpart P, 12.00(c)(3). Thus, limitations in this area could impede a claimant's ability to complete even unskilled work. *See Brink v. Comm'r of Soc. Sec. Admin.*, 343 F. App'x 211, 212 (9th Cir. 2009) ("repetitive assembly-line work . . . might well require extensive focus or speed.")

1   *Sec.*, 438 F. App'x 609, 611 (9th Cir. 2011). This Court has issued several opinions
2   consistent with those Ninth Circuit cases. *See Perkins v. Colvin*, No. CV-13-01817-PHX-
3   BSB, 2014 WL 4425785, *13-14 (D. Ariz. Sept. 9, 2014) (finding case analogous to
4   *Brink v. Comm'r of Soc. Sec. Admin.*, 343 F. App'x 211 (9th Cir. 2009), which
5   distinguished *Stubbs-Danielson*); *Cornelius v. Colvin*, No. 13-00535-PHX-SPL, 2014
6   WL 4702614, *3 (D. Ariz. Sept. 22, 2014) (noting that an ability to perform unskilled
7   tasks could be compromised if a person cannot perform those tasks at a consistent pace);
8   *Wendte v. Colvin*, No. 12-01523-PHX-GMS, 2013 WL 2390267, *6 (D. Ariz. May 30,
9   2013). All of these cases, although not precedential, are of significant persuasive value.[3]

10      The ALJ failed to provide an explanation as to how a restriction to unskilled work
11  accounted for a moderate limitation in concentration, persistence, or pace. *See Newton v.*
12  *Chater*, 92 F.3d 688, 695 (8th Cir. 1996) (holding a limitation to simple jobs did not
13  adequately represent a deficiency in concentration, persistence or pace), cited with
14  approval in *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002); *Craft v. Astrue*, 539
15  F.3d 668, 678 (7th Cir. 2008) (finding that the ALJ failed to provide an "accurate and
16  logical bridge" between the medical testimony regarding mental limitations and the
17  restriction to unskilled work). It was error for the ALJ to fail to include Cavanaugh's
18  moderate limitation in concentration, persistence, or pace in the RFC.

19      **Vocational Expert**

20      Cavanaugh argues that the ALJ erred in relying on the medical-vocational
21  guidelines (the Grids) at Step Five, and he was required to call a vocational expert (VE)
22  in light of Cavanaugh's deficiency in concentration, persistence, or pace. The
23

24  _____
    [3]     In a 2013 case in this Court, the Commissioner conceded that it was error for an
25  ALJ to find that a claimant had moderate limitations in concentration, persistence, or
    pace, but then to limit her to unskilled work without including detailed functional
26  limitations. *Pronovost v. Astrue*, No. CV-12-01168-PHX-FJM, 2013 WL 1092902, *1
    (D. Ariz. Mar. 15, 2013).

27

28

Commissioner has the burden at Step Five to prove the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai*, 499 F.3d at 1074. If a claimant's RFC and vocational factors coincide entirely with a rule under the Grids then the rule directs a finding of disabled or not disabled. 20 C.F.R. pt. 404, subpt. P, app. 2. § 200.00(a). However, if a claimant has a non-exertional limitation that is "'sufficiently severe' so as to significantly limit the range of work permitted by the claimant's exertional limitations" then an ALJ must obtain the testimony of a vocational expert. *Hoopai*, 499 F.3d at 1076 (quoting *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988)).

There are several Ninth Circuit cases that require an ALJ to include the claimant's moderate limitations in concentration, persistence, or pace in a hypothetical question posed to a VE. *See Lubin*, 507 F. App'x at 712; *Williamson*, 438 F. App'x at 611; *Brink*, 343 F. App'x at 212; *see also Thomas*, 278 F.3d at 956 (incorporating a doctor's testimony of a claimant's deficiency in concentration, persistence, or pace into the hypothetical to a VE adequately captured that mental limitation). No circuit case directly addresses whether it is mandatory to call a vocational expert solely for a non-exertional limitation in concentration, persistence, or pace. However, this Court has held that the Grids do not adequately account for a moderate deficiency in concentration, persistence, or pace. *Perkins*, 2014 WL 4425785, at *15 (citing *Perkins v. Colvin*, No. CV-12-01801-PHX-JAT, 2013 WL 3930407, *10 (D. Ariz. July 30, 2013) (requiring testimony of vocational expert when claimant had non-exertional limitations related to cognitive impairments)).

Defendant contends the ALJ properly relied on the grids, and to support that argument she cites the Ninth Circuit case of *Hoopai*. In *Hoopai*, the circuit court noted that they had "not previously held mild or moderate depression to be a sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation." 499 F.3d at 1077. The court concluded that, in that case, the

claimant's depression was not sufficiently severe as to require the testimony of a vocational expert. *Id.*

The facts in *Hoopai* are distinguishable from the instant case. In *Hoopai*, the court summarized medical testimony that identified functional non-exertional limitations, including a moderate limitation in concentration, persistence, or pace. However, the appellate court did not indicate that the ALJ adopted any non-exertional limitations. Rather, it appears the ALJ determined that the claimant's depression did not cause a significant functional limitation. In contrast, ALJ Baum explicitly found that Cavanaugh's impairments caused a moderate limitation in concentration, persistence, or pace. As this Court has found previously, that limitation should have been included in the RFC.

The Social Security Administration provides the following direction on use of a vocational specialist: "[w]here the adjudicator does not have a clear understanding of the effects of additional limitations on the job base, the services of a VS will be necessary." SSR 83-14. This guideline is applicable to Cavanaugh's case. In *Stubbs-Danielson*, the court mentioned that a VE testified before the ALJ that a person with more than a mild pace impairment was not employable. 539 F.3d at 1173-74; *see also Brink*, 343 F. App'x at 212 (noting VE testified that moderate to marked concentration deficiency would preclude simple, repetitive work). While that testimony does not control here, it is not clear that a moderate limitation would not substantially erode the occupational base. Thus, a moderate limitation in pace is sufficiently severe to require the testimony of a VE. That conclusion is consistent with the Ninth Circuit cases cited above, holding that when asking a vocational expert a hypothetical, an ALJ must include in the question a claimant's moderate limitation in concentration, persistence, or pace that the ALJ has adopted as a finding.

## CONCLUSION

The Court finds the ALJ erred in determining Cavanaugh's RFC, in that he failed to include a moderate limitation in concentration, persistence, or pace. Including that

limitation in the RFC, it was error for the ALJ not to call a vocational expert at Step Five.

A federal court may affirm, modify, reverse, or remand a social security case. 42 U.S.C. § 405(g). When a court finds that an administrative decision is flawed, the remedy should generally be remand for "additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2006) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *see also Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004). However, if there are no outstanding issues because "the record has been developed fully and further administrative proceedings would serve no useful purpose, the . . . court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Here, outstanding issues remain because the ALJ must revise the RFC and then obtain the testimony of a vocational expert before making a decision at Step Five. This fact is recognized by Cavanaugh who seeks only a remand for further proceedings.

## RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends the District Court, after its independent review, enter an order granting Plaintiff's request to reverse the Commissioner's final decision and remand to the ALJ to conduct further proceedings.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: CV 13-1222-TUC-JAS.

Dated this 24th day of November, 2014.

D. Thomas Ferraro
United States Magistrate Judge